# U.S. District Court
# DISTRICT OF KANSAS (Wichita)
# CRIMINAL DOCKET FOR CASE #: 6:26−mj−06274−GEB−1

Case title: USA v. Jolstead

Date Filed: 11/09/2026

Other court case number: 26−cr−137−RLP Eastern District of Washington

---

Assigned to: Magistrate Judge Gwynne E. Birzer

**Defendant (1)**

**Michael Allen Jolstead, Jr.**
*also known as*
Garrett Lund
*also known as*
Mike

represented by

**Robert J. Moody**
Martin Pringle Oliver Wallace & Bauer, LLP − Wichita
645 East Douglas, Suite 100
Wichita, KS 67202
316−265−9311
Fax: 316−265−2955
Alternative Phone:
Cell Phone:
Email: rjmoody@martinpringle.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Number: 26398*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

Removal of arrested defendant to the Eastern District of Washington

---

**Plaintiff**

**USA** represented by **Katherine J. Andrusak**
Office of United States Attorney − Wichita
301 N. Main Street, Suite 1200
Wichita, KS 67202−4812
316−269−6481
Alternative Phone:
Cell Phone:
Email: katie.andrusak@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 25961*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2026 | | ARREST (Rule 5(c)(3) Out) of Michael Allen Jolstead, Jr. (kgs) (Entered: 11/09/2026) |
| 11/06/2026 | 1 | Oral MOTION for Detention Hearing by USA as to Michael Allen Jolstead, Jr. (kgs) (Entered: 11/09/2026) |
| 11/06/2026 | 2 | Oral MOTION to Continue Detention Hearing by Michael Allen Jolstead, Jr. (kgs) (Entered: 11/09/2026) |
| 11/06/2026 | 3 | MINUTE ENTRY for proceedings held before Magistrate Judge Gwynne E. Birzer: INITIAL APPEARANCE IN RULE 5(c)(3) PROCEEDINGS as to Michael Allen Jolstead, Jr. held on 11/6/2026. Counsel appointed, Robert Moody, CJA. Oral motion by government for a detention hearing is granted. Oral motion by defendant to continue detention hearing is granted. Detention Hearing set for 11/12/2026 at 01:30 PM in Wichita Courtroom 326 (GEB) before Magistrate Judge Gwynne E. Birzer. Defendant is remanded to custody pending detention hearing. (FTR/GEB: 2:34−2:45) (kgs) (Entered: 11/09/2026) |
| 11/06/2026 | 4 | CJA 23 FINANCIAL AFFIDAVIT by Michael Allen Jolstead, Jr. (kgs) (Entered: 11/09/2026) |
| 11/06/2026 | 5 | ORDER APPOINTING COUNSEL: Robert Moody appointed for Michael Allen Jolstead, Jr. pursuant to the provisions of the Criminal Justice Act, 18 U.S.C.§ 3006A. Signed by Magistrate Judge Gwynne E. Birzer on 11/6/2026. (kgs) (Entered: 11/09/2026) |
| 11/06/2026 | 6 | ORDER SCHEDULING A DETENTION HEARING as to Michael Allen Jolstead, Jr. Detention Hearing set for 11/12/2026 at 01:30 PM in Wichita Courtroom 326 (GEB) before Magistrate Judge Gwynne E. Birzer. Signed by Magistrate Judge Gwynne E. Birzer on 11/6/2026. (kgs) (Entered: 11/09/2026) |

| | | |
|---|---|---|
| 11/09/2026 | | ORDER as to Michael Allen Jolstead, Jr − Pursuant to the Due Process Protections Act, the government is reminded of its obligations pursuant to Brady v. Maryland and its progeny to disclose material that is favorable to the defendant and material to defendant's guilt or punishment. The failure to do so in a timely manner may include dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, or any other remedy that is just under the circumstances. Signed by Magistrate Judge Gwynne E. Birzer on 11/6/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (als) (Entered: 11/09/2026) |
| 11/12/2026 | 8 | ORAL MOTION for Pretrial Detention by USA as to Michael Allen Jolstead, Jr. (kmc) (Entered: 11/20/2026) |
| 11/12/2026 | 9 | MINUTE ENTRY for proceedings held before Magistrate Judge Gwynne E. Birzer: DETENTION HEARING as to Michael Allen Jolstead, Jr held on 11/12/2026. 8 Oral Motion for Pretrial Detention granted as to Michael Allen Jolstead Jr. (1). Defendant's next appearance as directed before Judge in ED/Washington. Defendant remanded to custody. (Tape #FTR/GEB @ 1:30−2:29) (kmc) (Entered: 11/20/2026) |
| 11/12/2026 | 10 | ORDER OF DETENTION PENDING TRIAL as to Michael Allen Jolstead, Jr. Signed by Magistrate Judge Gwynne E. Birzer on 11/12/2026. (kmc) (Entered: 11/20/2026) |
| 11/12/2026 | 11 | COMMITMENT TO ANOTHER DISTRICT as to Michael Allen Jolstead, Jr. Signed by Magistrate Judge Gwynne E. Birzer on 11/12/2026. (kmc) (Entered: 11/20/2026) |
| 11/16/2026 | 7 | SEALED PRETRIAL BOND REPORT as to Michael Allen Jolstead, Jr (USPO) (Entered: 11/16/2026) |

COURTROOM MINUTE SHEET - CRIMINAL HEARINGS
U.S. DISTRICT COURT - WICHITA, KANSAS

**FILED**
U.S. District Court
District of Kansas
11/06/2026
Clerk, U.S. District Court
By: AS Deputy Clerk

Date: 11/6/26

United States of America,

Plaintiff,

v.

Case No. 26-6274-01-GEB

Michael Allen Jolstead, Jr.,

Defendant.

JUDGE: ☒ Birzer ☐ Severson
DEPUTY CLERK: ☒ Swisher ☐ Vaughn
INTERPRETER: ☐ Vargas ☐ Badillo ☐ Wriedt
☐ Ping ☐ Rivera ☐ Vilaythong
☐ Sworn

AUSA: Katie Andrusak
DEFENSE COUNSEL: Robert Moody
TAPE NO.: 2:34-2:45

## PROCEEDINGS

☐ Initial Appearance ☐ Detention Hearing ☐ Bond Rev. Hrg
☒ Initial Rule 5(c)(3) ☐ Preliminary Hearing ☐ Pretrial Conference
☐ Sentencing ☐ Change of Plea
☐ In-Court Hearing: ____________
☐ Arraignment ☐ Reading waived ☐ Read to Defendant ☐ Not Guilty Plea Entered

☐ Complaint ☒ Indictment (ED/WA) ☐ Information ☐ Pet. Revoke Supervision ☒ No. Counts: 5 ☐ Forfeiture
☒ Felony ☐ Misdemeanor
☒ Charges/Viols. and penalties explained to Defendant
☒ Constitutional rights explained
☒ Defendant affirmation/sworn ☒ Examined re: financial status ☒ Counsel appointed
☒ Due Process Protections Act advisement given
☐ Defendant given Consular Notification
☐ Advised of rights under Rule ☐ 20 ☐ 5(c)(3) ☐ Transfer to: ____________
☐ Signed Wvr Ind ☐ Signed Consent to MJ ☐ Petition to Plea filed ☐ Plea Agmt filed ☐ PSI ordered

☒ Oral Motion by ☒ Government / ☐ Defendant for detention hearing; ☒ granted. ☐ denied.
☒ Oral Motion by ☐ Government / ☒ Defendant for continuance of detention hearing; ☒ granted. ☐ denied.
☒ Defendant remanded to USM custody. Detention ordered until detention hearing.
☐ Oral Motion by Government for pretrial detention is ☐ granted. ☐ denied. ☐ withdrawn.
☐ The Government adopted the recommendations of Pretrial Services for release on conditions.
☐ Defendant waived the right to a detention hearing. The Court accepted the waiver and granted the Government motion for detention.
☐ Defendant waived the right to a preliminary hearing. The Court accepted the waiver and found probable cause as alleged.
☐ Defendant waived the right to an identity hearing. Court accepted waiver and found Defendant to be person named.
☐ Defendant waived the right to a detention hearing in the District of KS. Court accepted the waiver and granted the Govt. motion for detention pending proceedings in the charging District.

☐ Release ordered ☐ Bond fixed at: $ ________ ☐ Continued on present bond/conditions
☐ Detention ordered ☒ Remanded to custody

Defendant's next appearance: ☐ as directed before Judge ________
☐ per the Scheduling Order of Judge ________
☒ on 11/12/26 at 1:30 ☐ a.m. ☒ p.m. before Judge Birzer (326)
for ☒ detention hearing ☐ arraignment ☐ prelim hearing ☐ ________

NOTES: ____________________

**Sealed documents are no longer available in CM/ECF or via PACER.**

**Please contact the court directly to request access to the document.**

## Reference for court use only

https://storage.gtwy.dcn:8443/v1/file/ksd.3904217942.79007130.492366.json

FILED
U.S. District Court
District of Kansas
11/06/2026
Clerk, U.S. District Court
By: AS Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**
*Plaintiff*,

**v.** Case No. **26-6274-01-GEB**

**MICHAEL ALLEN JOLSTEAD, JR.,**
*Defendant*.

---

## ORDER APPOINTING COUNSEL

---

NOW on this 6th day of November, 2026, the Court upon a showing that the defendant is financially unable to employ counsel and does not wish to waive counsel, appoints Robert Moody as counsel for Michael Allen Jolstead, Jr. pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.

This appointment is effective November 6, 2026.

GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

AO 470 (Rev. 01/09) Order Scheduling a Detention Hearing

FILED
U.S. District Court
District of Kansas
11/06/2026
Clerk, U.S. District Court
By: AS Deputy Clerk

# UNITED STATES DISTRICT COURT

for the

District of Kansas

United States of America
v.
MICHAEL ALLEN JOLSTEAD, JR.
*Defendant*

Case No. 26-6274-01-GEB

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| | |
|---|---|
| Place: United States District Court<br>401 N. Market<br>Wichita, Kansas 67202 | Courtroom No.: 326 |
| | Date and Time: 11/12/2026 1:30 p.m. |

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: 11/06/2026

Gwynne E. Birzer
*Judge's signature*

Gwynne E. Birzer, United States Magistrate Judge
*Printed name and title*

COURTROOM MINUTE SHEET - CRIMINAL HEARINGS
U.S. DISTRICT COURT - WICHITA, KANSAS

Date: 11/12/26

FILED
U.S. District Court
District of Kansas
11/12/2026
Clerk, U.S. District Court
By: AS Deputy Clerk

United States of America,

Plaintiff,

v. Case No. 26-6274-01-GEB

Michael Allen Jolstead, Jr.,

Defendant.

JUDGE: [x] Birzer [ ] Severson
DEPUTY CLERK: [x] Swisher [ ] Vaughn
INTERPRETER: [ ] Vargas [ ] Badillo [ ] Wriedt [ ] Ping [ ] Rivera [ ] Vilaythong [ ] Sworn

AUSA: Katie Andrusak
DEFENSE COUNSEL: Robert Moody
TAPE NO.: 1:30 - 2:29

## PROCEEDINGS

[ ] Initial Appearance [x] Detention Hearing [ ] Bond Rev. Hrg
[ ] Initial Rule 5(c)(3) [ ] Preliminary Hearing [ ] Pretrial Conference
[ ] Sentencing [ ] Change of Plea
[ ] In-Court Hearing: ____________
[ ] Arraignment [ ] Reading waived [ ] Read to Defendant [ ] Not Guilty Plea Entered

[ ] Complaint [x] Indictment (ED/WA) [ ] Information [ ] Pet. Revoke Supervision [x] No. Counts: 5 [ ] Forfeiture
[x] Felony [ ] Misdemeanor
[ ] Charges/Viols. and penalties explained to Defendant
[ ] Constitutional rights explained
[ ] Defendant affirmation/sworn [ ] Examined re: financial status [ ] Counsel appointed
[ ] Due Process Protections Act advisement given
[ ] Defendant given Consular Notification
[ ] Advised of rights under Rule [ ] 20 [ ] 5(c)(3) [x] Transfer to: ED / Washington
[ ] Signed Wvr Ind [ ] Signed Consent to MJ [ ] Petition to Plea filed [ ] Plea Agmt filed [ ] PSI ordered

[ ] Oral Motion by [ ] Government / [ ] Defendant for detention hearing; [ ] granted. [ ] denied.
[ ] Oral Motion by [ ] Government / [ ] Defendant for continuance of detention hearing; [ ] granted. [ ] denied.
[ ] Defendant remanded to USM custody. Detention ordered until detention hearing.
[x] Oral Motion by Government for pretrial detention is [x] granted. [ ] denied. [ ] withdrawn.
[ ] The Government adopted the recommendations of Pretrial Services for release on conditions.
[ ] Defendant waived the right to a detention hearing. The Court accepted the waiver and granted the Government motion for detention.
[ ] Defendant waived the right to a preliminary hearing. The Court accepted the waiver and found probable cause as alleged.
[ ] Defendant waived the right to an identity hearing. Court accepted waiver and found Defendant to be person named.
[ ] Defendant waived the right to a detention hearing in the District of KS. Court accepted the waiver and granted the Govt. motion for detention pending proceedings in the charging District.

[ ] Release ordered [ ] Bond fixed at: $ ____________ [ ] Continued on present bond/conditions
[x] Detention ordered [x] Remanded to custody

Defendant's next appearance: [x] as directed before Judge in ED/Washington
[ ] per the Scheduling Order of Judge ____________
[ ] on ____________ at ________ [ ] a.m. [ ] p.m. before Judge ____________
for [ ] detention hearing [ ] arraignment [ ] prelim hearing [ ] ____________

NOTES: ____________

# UNITED STATES DISTRICT COURT

for the
District of Kansas

United States of America
v.
Michael Allen Jolstead, Jr.
*Defendant*

Case No. 26-6274-01-GEB

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

- ☑ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**
- ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**
- ☑ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

- ☐ **(1)** a serious risk that the defendant will flee if released; **or**
- ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Application of Any Presumption Established Above**

☑ The defendant has not rebutted the presumption.

**OR**

☐ The defendant has rebutted the presumption.

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- ☐ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- ☐ Weight of evidence against the defendant is strong.
- ☐ Subject to lengthy period of incarceration if convicted.
- ☐ Lack of significant family or other ties to the community.
- ☐ Significant family or other ties outside the United States.
- ☐ Lack of legal status in the United States.
- ☐ Subject to removal or deportation after serving any period of incarceration.
- ☐ Lack of stable residence.
- ☐ Lack of stable employment.
- ☐ Lack of financially responsible sureties.
- ☐ Prior attempt(s) to evade law enforcement.
- ☐ Use of alias(es) or false documents.
- ☐ History of alcohol or substance abuse.
- ☐ Prior criminal history.
- ☐ History of violence or use of weapons.
- ☐ Prior violations of probation, parole, or supervised release.
- ☐ Prior failure to appear in court as ordered.
- ☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- ☐ Participation in criminal activity while on probation, parole, or supervision.
- ☐ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/12/2026

U.S. Magistrate Judge

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
# District of Kansas

FILED
U.S. District Court
District of Kansas
11/12/2026
Clerk, U.S. District Court
By: AS Deputy Clerk

United States of America
v.
Michael Allen Jolstead, Jr.
*Defendant*

Case No. 26-6274-01-GEB

Charging District's Case No. 26-137

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the Eastern District of Washington, *(if applicable)* ______ division. The defendant may need an interpreter for this language: ______.

The defendant: ❒ will retain an attorney.
☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 11/12/2026

*Judge's signature*

U. S. MAGISTRATE JUDGE
*Printed name and title*